UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH R. MARTIN | CIVIL ACTION NO. |
| VERSUS | |
| | 20-339-JWD-EWD |
| ROB ROY, ET AL. | |

### RULING AND ORDER ON MOTION TO STAY DISCOVERY

Rob Roy, individually and in his official capacity ("Roy), Chance Davis, individually and in his official capacity ("Davis"), and Beauregard Torres, III, Sheriff of Pointe Coupee Parish ("Sheriff Torres") (collectively, "Defendants") filed a Motion to Stay Discovery ("Motion to Stay")[1] in this case, pending resolution of Defendants' Motion to Dismiss,[2] arguing that the claims asserted by Joseph R. Martin ("Plaintiff") are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).[3] Plaintiff opposes the Motion to Stay.[4] As the question of whether discovery is necessary to resolve the pending Motion to Dismiss is currently before the District Judge, and to avoid the risk of inconsistent rulings, the Motion to Stay will be granted. Discovery in the case will be stayed pending resolution of the Motion to Dismiss.[5]

---

[1] R. Doc. 7.
[2] R. Doc. 5.
[3] As the Fifth Circuit has explained, "[i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (citations omitted).
[4] R. Doc. 11.
[5] A decision related to a stay is not excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of the merits of any claim under Fed. R. Civ. P. 72. *See Fletcher v. Whittington*, No. 18-1153, 2019 WL 2511033, at n.2 (W.D. La. May 23, 2019).

1

I.  **BACKGROUND**

On June 12, 2019, Plaintiff was traveling from Baton Rouge to Pointe Coupee when he was "pulled over" by Roy and Davis, who are both Pointe Coupee Parish Sheriff's Deputies.[6] Plaintiff was arrested and charged with one count of speeding and two counts of resisting a police officer with force or violence.[7] Later, Plaintiff was acquitted on the charge of speeding and on one count of resisting an officer but was convicted on the second count of resisting an officer.[8]

On May 14, 2020, Plaintiff filed suit against Defendants in Louisiana state court, asserting claims under 28 U.S.C. § 1983, 28 U.S.C. § 1988, and Louisiana Civil Code Article 2315, *et seq.*[9] Defendants removed the matter to this Court under 28 U.S.C. § 1331.[10] On July 2, 2020, Defendants filed the Motion to Dismiss.[11]

About a week later, Defendants filed the Motion to Stay, arguing that good cause exists under Fed. R. Civ. P. 26(c) to stay discovery in this matter pending resolution of the Motion to Dismiss because trial courts have "broad discretion regarding discovery" and a stay "would serve judicial efficiency by saving the parties the time and expense of conducting discovery on the claims that are likely to be dismissed on the pleadings as being barred under the *Heck* doctrine."[12] Plaintiff filed an opposition memorandum, arguing (1) that the existence of a pending motion to dismiss that does not raise a threshold issue like qualified immunity is not good cause under Rule 26(c), (2) that Plaintiff should be given an "adequate opportunity to conduct discovery and present evidence" under Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56(d) before the Court rules on the

---

[6] *See, generally*, R. Doc. 1-1, pp. 11-16.
[7] *Id*. at p. 13, ¶¶ 10-11.
[8] *Id*. at p. 14, ¶ 18.
[9] *Id*. at p. 14-15, ¶¶ 14-20.
[10] R. Doc. 1.
[11] R. Doc. 5. The Motion to Dismiss is fully briefed. *See* R. Doc. 9 (Plaintiff's Opposition) and R. Doc. 12 (Defendants' Reply). The Motion to Dismiss does not raise the issue of qualified immunity. R. Doc. 5.
[12] R. Doc. 5-1, p. 2-4.

Motion to Dismiss, given that Defendants attached a portion of Plaintiff's criminal trial transcript to the motion; and (3) that discovery is necessary to resolve the "analytical and fact intensive inquiry" of whether Plaintiff's conviction is "temporally and conceptually distinct" from his claims here, such that the latter are not barred by *Heck*.[13] In their Reply, Defendants argue that a stay is warranted because (1) "Defendants have a reasonable likelihood of prevailing on [the *Heck*] argument and Plaintiff's claims being dismissed based on the pleadings," (2) there is "no discovery that could cure" the defects in Plaintiff's Petition that render his § 1983 claims barred by *Heck*, and (3) that, in the event the Court converts the Motion to Dismiss into a motion for summary judgment, "Plaintiff has not shown that discovery is necessary to present certain facts essential for him to oppose [the Motion to Dismiss]."[14]

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 26(c), a "court may stay discovery for 'good cause.'"[15] "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[16] "Trial courts possess broad discretion to supervise discovery."[17] "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[18]

---

[13] R. Doc. 11, p. 2-4 (internal quotations omitted).
[14] R. Doc. 16.
[15] *Fujita v. U.S.*, 416 Fed. Appx. 400, 402 (5th Cir. 2011). *See also, U.S. ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F.Supp.2d 766, 767 (W.D. Tex. 2008) ("A district court has discretion to stay discovery 'for good cause shown.' Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay.")
[16] *U.S. v. Garrett*, 571 F.2d 1323, n. 3 (5th Cir. 1978).
[17] *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted).
[18] *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

This Court, relying of Fifth Circuit precedent, routinely stays discovery pending resolution of motions to dismiss raising threshold issues, such as qualified immunity.[19] Likewise, this Court routinely stays cases where *Heck* may bar a plaintiff's claims pending resolution of the underlying criminal proceedings.[20] But, neither of those scenarios are present here, as Defendants have not raised the issue of qualified immunity in the Motion to Dismiss and Plaintiff's criminal proceeding has concluded. Neither party cited any authority regarding the propriety of staying a civil proceeding—after a plaintiff's criminal proceedings have concluded—pending resolution of a motion to dismiss on the issue of whether *Heck* bars a plaintiff's claims.

While the parties' briefs on the Motion to Stay contain argument on whether the Court should stay discovery at this particular juncture, much of that briefing relates to the merits of the Motion to Dismiss.[21] Additionally, in their briefing on the Motion to Stay, both parties argue over the extent to which the Court should consider the exhibit attached to the Motion to Dismiss, whether the Motion to Dismiss must be converted to a motion for summary judgment, and whether, pursuant to Rules 12(d) and/or 56(d), Plaintiff should be able to conduct discovery prior to any ruling on the Motion to Dismiss.[22] Notably, the parties raise these exact issues in support of and

---

[19] *See, e.g.*, *Skinner v. Gautreux*, No. 20-595, 2020 WL 8672070 (M.D. La. Nov. 30, 2020) (staying case pending resolution of motion to dismiss raising the defense of qualified immunity); *Skinner v. Ard*, No. 19-66, 2020 WL 2245179 (M.D. La. May 7, 2020) (same); *Weary v. Perrilloux*, No. 18-594, 2019 WL 4739292 (M.D. La. Sept. 27, 2019) (same).

[20] *See, e.g.*, *Santos v. White*, No. 16-598, 2017 WL 9485530 (M.D. La. Oct. 23, 2017), *report and recommendation adopted by*, 2017 WL 5953290 (M.D. La. Nov. 30, 2017) (staying case pending resolution of plaintiff's criminal proceedings because it was unclear whether plaintiff's § 1983 claims "necessarily implicate the validity of any conviction or sentence" that plaintiff may receive on his criminal charges and thus be barred by *Heck*); *Ramsey v. Parish of Ascension*, No. 15-162, 2017 WL 4401625 (M.D. La.. Oct. 2, 2017) (same); *Clement v. Holden*, No. 15-854, 2016 WL 4925789 (M.D. La. Sept. 15, 2016) (same); *Davis v. East Baton Rouge Sheriff's Office*, No. 08-708, 2016 WL 2347893, at *1 (M.D. La. May 2, 2016) (noting that this matter was stayed "pending the resolution of Plaintiff's underlying criminal case," which was "lifted…after Plaintiff was convicted…and sentenced…").

[21] *See, e.g.*, R. Doc. 7-1, pp. 3-4 (explaining that the Motion to Dismiss is "well-founded," so discovery should be stayed pending resolution of same because, if granted, the motion "will terminate the action"; and arguing that Plaintiff's false arrest/false imprisonment and excessive force claims are barred by *Heck*); R. Doc. 16, pp. 3-6 (same); R. Doc. 11, p. 4 (arguing that "Defendants' own argument(s) under *Heck* necessitate[] discovery" to determine whether Plaintiff's civil claims are "factually distinct" from his criminal conviction).

[22] *See, e.g.*, R. Doc. 11, pp. 3-5 (arguing (1) that because Defendants attached a portion of the transcript from Plaintiff's criminal trial to the Motion to Dismiss, Fed. R. Civ. P. 12(d) "requires [the Motion to Dismiss] to be converted into a

4

in opposition to the Motion to Dismiss.[23]

Considering that these issues are raised in the Motion to Dismiss, which is currently pending before the District Judge assigned to this case, and to avoid the possibility of inconsistent rulings, the Motion to Stay will be granted.[24]

## III. CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery[25] is **GRANTED.** Discovery in this matter is **STAYED** pending resolution of Defendants' pending Motion to Dismiss.[26]

Signed in Baton Rouge, Louisiana, on March 9, 2021.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

Motion for Summary Judgment under Fed. R. Civ. P. Rule 56 if matters outside the pleadings are to be considered"; and (2) that pursuant to Fed. R. Civ. P. 56(d), the Motion to Stay "should be denied and discovery allowed to proceed" because Plaintiff "has had no opportunity to conduct discovery in this matter," which is "essential for [Plaintiff to rebut [D]efendants' arguments that his civil claims invalidate his criminal conviction under *Heck*); R. Doc. 16, pp. 5-6 (arguing (1) that "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference…"; (2) that the Court may consider the attachment to the Motion to Dismiss without converting same to a motion for summary judgment because Plaintiff "incorporated the record related to his criminal proceedings into his petition"; and, (3) "[e]ven if the Court were to convert Defendants' motion to a summary judgment, Plaintiff has not shown that discovery is necessary to present certain facts essential for him to oppose Defendants' motion to dismiss based on *Heck*.").

[23] *See, e.g.*, R. Doc. 9, pp. 5-6, 9-10, 13 (arguing (1) that the Court cannot consider the attachment to the Motion to Dismiss, and (2) that if the Court considers said attachment, the Motion to Dismiss must be converted to a motion for summary judgment; and requesting Plaintiff be afforded a "reasonable opportunity" to conduct discovery and "present all the materials that are pertinent to the motion" under Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56(d)); R. Doc. 12, pp. 1-2 (arguing (1) that the Court may consider the transcript without converting the Motion to Dismiss to a motion for summary judgment because Plaintiff referenced his criminal proceeding in his petition; (2) that Plaintiff has not provided the Court with an "affidavit or declaration" required by Fed. R. Civ. P 56(d), nor has he "asserted…the specified reasons he cannot present facts essential to justify his opposition or what facts he would need to oppose Defendants' motion that the Plaintiff's claims are barred by *Heck*.").

[24] The undersigned also deferred entry of a scheduling order in this matter, in part, pending resolution of the Motion to Dismiss. R. Doc. 10. The scheduling conference will be reset, and submission of an updated Joint Status Report required, if the ruling on the Motion to Dismiss does not conclusively resolve of all claims in this matter.

[25] R. Doc. 7.

[26] R. Doc. 5.